## CIRCUIT COURT OF THE CITY OF SALEM

Lewis-Gale Hospital, Inc.

v.

Stroube et al.

July 8, 1993

Case No. (Chancery) 93–44

BY JUDGE ROBERT L. HARRIS, SR.

The ultimate issue before the Court is whether the Virginia State Health Commissioner ("Commissioner") exceeded his authority in accepting the application of Radford Community Hospital, Inc. ("Radford") to participate in a Certificate of Public Need ("COPN") batching process. A competing participant in that process, Lewis-Gale Hospital, Inc. ("Lewis-Gale"), has objected to Radford's participation, arguing that a "letter of intent" which must precede any application was not filed within the time limitations established by State Board of Health regulations.

One penultimate issue which must first be addressed is whether the decision of the Commissioner allowing consideration of Radford's application is an appealable decision.[1] The Administrative Process Act, which establishes the appellate procedure in COPN matters, *see* Va. Code Ann. § 32.1–102.6(D) (1992) (COPN determinations to be made

---

[1] An even more preliminary question has been raised by Lewis-Gale in its Motion to Strike certain affidavits which were filed with Radford's Brief in Opposition to the Petition for Appeal. Because the Court reaches its ruling in this case without reliance on the affidavits, the Court will make no ruling on whether the affidavits can be considered part of the record.

"in accordance with the provisions of the Administrative Process Act"), allows "[a]ny . . . party aggrieved by and claiming unlawfulness of a *case decision*" to appeal that decision to an appropriate circuit court.[2] *Id.* § 9–6.14:16 (1993) (emphasis added).

> *[C]ase decision* means any agency proceeding or determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

*Id.* § 9–6.14:4(D).

Lewis-Gale, in a letter dated December 29, 1992, formally requested that the Commissioner terminate review of Radford's COPN application based upon an allegedly untimely letter of intent. In rejecting that request, the Commissioner was essentially ruling that Radford was "in compliance with [an] existing requirement for obtaining a . . . right or benefit" — specifically the right or benefit of participating in the COPN review process. Accordingly, that ruling was a "case decision." *Cf. Kenley v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 227 Va. 39, 45, 314 S.E.2d 52, 55–56 (1984) (Commissioner's ruling that hospital could continue offering certain cardiac surgical procedures but must obtain a COPN before offering open heart surgery was a "case decision").

However, a case decision is only appealable by an aggrieved party. *See* Va. Code Ann. § 9–6.14:16. It is clear that, were the circumstances of this case reversed, Radford would have been aggrieved had the Commissioner granted Lewis-Gale's request and excluded the former from the COPN review process and that, therefore, Radford could have appealed that "case decision." The injury to Lewis-Gale is less clear, but nonetheless present. Because the Commissioner intends to allow Radford's COPN application to compete with Lewis-Gale's, the latter, in order to proceed on its proposed health care project must show not only the merits of its proposal, but the relative superiority of its project over that proposed by Radford. Therefore, there is an element of com-

---

[2] The instant case originated in the Circuit Court in the City of Salem, but was assigned to this judge by designation, pursuant to § 32.1–102.9 of the Code of Virginia.

petition which would be absent but for the Commissioner's decision. Although the health and welfare interests of the public might not appear to be injured by this competition, those public interests and the business interests of health care providers sometimes diverge and it is the business interests of Lewis-Gale which are adversely affected. Therefore, Lewis-Gale is entitled to appeal the decision of the Commissioner allowing Radford's application to be considered competitively in the COPN review process.[3]

The facts of this case are largely undisputed. In 1992, Radford embarked upon an effort to build an outpatient radiation therapy facility. Essentially concurrent with that endeavor, state law changed to require that a COPN be obtained for such a facility. On June 9, 1992, Radford applied for an exemption to that requirement, under section 32.1–102.11 of the Code of Virginia, believing it qualified for an exemption because of expenditures already made. Six months later, on December 1, 1992, that request was denied.

Under State Board of Health regulations, a COPN application must be preceded by a letter of intent which identifies the owner of a proposed health care project, the type and scope of the project and the location of the project. *See* COPN Reg. § 5.2(A). It is generally admitted, although the significance is disputed, that Radford's exemption application contained the same information as is required in a letter of intent. Indeed, it was apparently upon this basis that Radford was informed by the office of the Commissioner that no specific letter of intent would be required prior to the filing of a COPN application involving the identical facility for which Radford was seeking an exemption. Evidently concerned about the accuracy of that advice, Radford did file a document which described itself as a "letter of intent" on November 12, 1992.

---

[3] Radford points to COPN Reg. 7.1(A) which, on its face, might appear to limit COPN applicants to appeal only after "a final administrative decision on [an] application for a certificate." COPN Reg. 7.1(A). However, notwithstanding this language, § 9–6.14:16 of the Virginia Code, and the definition of "case decision" contained in § 9–6.14:4(D), give the judiciary greater appellate jurisdiction than that implied by the language of the regulation and the statutory provisions must prevail. *Cf. Johnston-Willis*, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988) (agency must act within the scope of authority); Va. Code Ann. § 9–6.14:17 (courts may rule on whether administrative agencies acted in compliance with statutory authority).

· Under the regulations, COPN applications must be filed at least forty days before the first day of a scheduled review cycle (in this instance, January 10, 1993). *See id.* § 5.2(C). Thus, Radford had until December 2, 1992, to file its application, which it filed on December 1, 1992. However, under section 5.2(A), the letter of intent should have been filed at least thirty days prior to the application, in other words, no later than November 2, 1992. *See id.* § 5.2(A). Lewis-Gale argues that because the regulation states that an applicant *"shall* file a letter of intent" at least thirty days prior to a COPN application, *id.* (emphasis added), Radford failed to comply with that provision by not filing a formal "letter of intent" before November 2, 1992. This failure, it is ultimately asserted, should result in Radford's exclusion from the COPN review process.[4]

In rejecting Lewis-Gale's argument, the Commissioner ruled that Radford, through the information provided in its exemption request, had satisfied the "spirit of the Regulations." In addressing that ruling, the parties have focused on the meaning of the word "shall" within COPN Reg. 5:2(A). In so doing, they have portrayed this dispute as one involving the authority of the Commissioner effectively to "waive" the facially mandatory timing language of the regulation. Notwithstanding that focus, this dispute is about what constitutes a "letter of intent" — not about whether a letter of intent *must* be filed at least thirty days prior to a COPN application.

In essence, the ultimate question before this Court is whether there was substantial evidence before the Commissioner to support his finding that Radford had filed a timely letter of intent. *See* Va. Code Ann. § 9–6.14:17 (reviewing court to consider whether "substantial evidence in the agency record" to support an agency ruling). Because the essential facts of this case are undisputed, the answer will turn solely on the validity of the Commissioner's interpretation and application of the "letter of intent" requirement. *See id.* (reviewing court to consider

---

[4] Lewis-Gale points to Radford's November 12, 1992, letter to the State Department of Health as the untimely "letter of intent" which should result in Radford's exclusion from the COPN batching process. Were that letter, which was characterized by Radford as a "letter of intent," the basis for the Commissioner's ruling, the result in this case might be different. However, notwithstanding the letter's self-characterization, that letter is made irrelevant by the Commissioner's ruling that the information provided by Radford in its exemption request satisfied the letter of intent requirements of COPN Reg. § 5.2(A).

"compliance with statutory authority" and "observance of required procedure"). For the purposes of this ruling, the Court assumes the accuracy of Lewis-Gale's assertion that "shall file a letter of intent . . . thirty days prior to the submission of an application", COPN Reg. § 5.2(A), sets a mandatory time limit. *Cf. id.* § 5.6 (referring to "*deadline* for filing a letter of intent") (emphasis added). Because he based his decision on the fact that all required information had been supplied by Radford "well in advance" of that deadline, the Commissioner's ruling does not conflict with that assumption.

As a general rule, a reviewing Court must give some deference to an agency's interpretation of its regulations.

> A court must give "special" weight to the interpretation of an agency's regulation which falls within the specialized competency and the area of discretion entrusted to the agency by the General Assembly. "The rationale of the statutory scheme is that the [administrative agency] shall apply expert discretion to the matters coming within its cognizance, and judicial interference is permissible only for relief against the arbitrary and capricious action that constitutes a clear abuse of the delegated discretion. The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." The trial courts may reverse the administrative agency's interpretation only if the agency's construction of its regulation is arbitrary and capricious or fails to fulfill the agency's purpose as defined by its basic law.

*Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 161, 384 S.E.2d 622, 627 (1989), *appeal dismissed*, 398 S.E.2d 78 (Va. 1990) (quoting *Virginia ABC Comm'n v. York St. Inn, Inc.*, 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979)).

Unlike the word "shall," which in its common usage is presumptively mandatory (and therefore not susceptible to broader interpretation), *see Last v. Virginia State Bd.*, 14 Va. App. 906, 912, 421 S.E.2d 201, 206 (1992) (noting that "shall" generally is mandatory), the term "letter of intent" was adopted by the Board of Health to indicate the first step in COPN batching participation. As such, it is within the particular expertise of the Board and the Commissioner to apply and

interpret the "letter of intent" requirements within the context and purpose of the batching process.

> [T]he degree of deference afforded an agency decision depends upon not only the nature of the issue, legal or factual, but also upon whether the issue falls within the area of "experience and specialized competence of the agency." Code § 9–6.14:17. "If the issue falls outside the area generally entrusted to the agency, and is one in which the courts have a special competence, i.e., the common law or constitutional law, there is little reason for the judiciary to defer to an administrative interpretation."

*Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 243–44, 369 S.E.2d 1, 8 (1988) (quoting *Hi-Craft Clothing Co. v. NLRB*, 660 F.2d 910, 914–15 (3d Cir. 1981)). Since setting up the COPN batching process has been entrusted to the Board of Health, determining when the regulatory requirements have been satisfied is clearly within the Commissioner's specialized competence. *See Bio-Medical Applications v. Kenley*, 4 Va. App. 414, 425, 358 S.E.2d 722, 728 (1987) (" '[I]t is for an administrative agency to devise means of achieving comparative consideration'.").

The "letter of intent" portion of COPN Reg. § 5.2(A) specifically requires that, within a certain period prior to a COPN application (generally thirty days prior to that application, but in some cases as few as twenty days prior to an application), an applicant "identify the owner, the type of project for which an application is requested, and the proposed scope (size) and location of the proposed project." COPN Reg. § 5.2(A). This information is to be provided to the Commissioner, as well as the "appropriate regional health planning agency." *Id.* There is no dispute that all such required information was provided to both through Radford's exemption request.

Additionally, it is inherent in the notion of a letter of intent that such a document serve to inform the Commissioner and the regional health planning agency of an applicant's intent to undertake the proposed health care project. It would be disingenuous for Lewis-Gale to argue that by filing its exemption request, Radford did not notify both the Commissioner and the regional health planning agency of such an intent. *Cf. Hofheimer v. Booker*, 164 Va. 358, 366, 180 S.E. 145, 147 (1935) ("Notice is a matter of fact, and is to be proved like all other

facts, by direct proof of the fact itself, or by proof of circumstances from which the fact may be justly inferred."). Certainly the request served to notify Lewis-Gale of that intent, for it has opposed Radford every step of the way, including formal opposition to the exemption request.

Although Lewis-Gale characterizes the Commissioner's ruling as an arbitrary waiving of the timeliness requirement for a letter of intent, the ruling is neither arbitrary nor a waiver. It represents a careful analysis of the substantive requirements of the letter of intent language. The essence of the ruling is that an exemption request, filed within the requisite time period prior to a formal COPN application, satisfies the letter of intent requirement. Rather than representing an arbitrary waiver of the procedural requirements of COPN Reg. § 5.2(A), this ruling is applicable only in the peculiar circumstance where a COPN applicant has first sought an exemption from the general requirement that a COPN be obtained prior to undertaking certain health care projects. At bottom, the gravamen of Lewis-Gale's complaint is not over the substance of the information provided by Radford, but over the form. Presumably, Lewis-Gale would have had no objection had Radford been sufficiently prescient to have styled its exemption request as both an exemption request *and*, in the alternative, a letter of intent. Had the Commissioner refused to consider Radford's timely filed COPN application on such flimsy grounds, *that* ruling would have been arbitrary and capricious, and it would be equally arbitrary and capricious for this Court to reverse the Commissioner's ruling on such grounds.[5]

"The primary purposes of the [COPN] program are to restrain costs and prevent duplication of health care services so that available re-

---

[5] By way of comparison, this might be a different case were it the timeliness of Radford's COPN *application* which was at issue. COPN Reg. § 5.2(A) refers to "appropriate application *forms*," requiring that those specific forms be sent to an applicant by the Department within seven days of receipt of a letter of intent. COPN Reg. § 5.2(A) (emphasis added). Unlike the situation with a "letter of intent," where the substantive whole of the regulation is satisfied if both intent and the requisite project information are transmitted to the Commissioner and the local health planning agency within the stated time period, submission of an application contemplates submission of a specific form. Therefore, were it the *application's* timeliness which was in dispute, Lewis-Gale could, as it unsuccessfully attempts to do in the instant case, point to a specific document and the date on which it was filed to support its case.

sources will be effectively utilized." *Johnston-Willis*, 6 Va. App. at 267, 369 S.E.2d at 21. The primary purpose of "batching" related health care projects is to allow the health care planning agency to consider applications for identical (or even nearly identical) projects serving identical regions with an eye toward which project most effectively and efficiently will serve the public health interest. *Cf. Bio-Medical Applications v. Kenley*, 4 Va. App. 414, 421, 358 S.E.2d 722, 726 (1987) (requiring comparative process where applications for a public license are mutually exclusive) (citing *Ashbacker Radio Corp. v. FCC*, 326 U.S. 327, 333 (1945)). Lewis-Gale, by referring the Court to the "harm" of facing a competitive application from Radford which it has suffered as a result of the Commissioner's interpretation of Regulation 5.2(A), essentially concedes that this primary purpose is well served by that interpretation. This purpose would not be served by an application of agency regulations which arbitrarily eliminated competing applications simply for failing formally to style as "letters of intent" documents which provide *all* the information required in such letters.

Taking "due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted," Va. Code Ann. § 9–6.14:17, the Court rules that the Commissioner's interpretation and application of COPN Reg. § 5.2(A) is not arbitrary and capricious. His ruling that Radford has satisfied the letter of intent requirements of that regulation is supported by substantial and undisputed evidence. Therefore, an Order will be entered, in conjunction with this letter opinion, denying Lewis-Gale's request that the Court set aside the Commissioner's decision refusing to terminate consideration of Radford's competing COPN application.